IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 5:16-cv-00329 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT E. ANDERSON *d/b/a* | ) | |
| SCOTT ANDERSON CONSTRUCTION, | ) | |
| ANDREA L. ANDERSON, | ) | |
| SUMMA HEALTH SYSTEM, | ) | |
| COUNTY OF WAYNE, and | ) | |
| MUSKINGUM WATERSHED | ) | |
| CONSERVANCY DISTRICT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

The Plaintiff United States of America, pursuant to 26 U.S.C. § 7401, with the

authorization of the Secretary of the Treasury of the United States of America (the "Secretary"),

and at the direction of a delegate of the Attorney General of the United States of America, brings

this civil action: (1) against Defendant Scott E. Anderson *d/b/a* Scott Anderson Construction to

reduce to judgment outstanding unpaid liabilities for federal internal revenue taxes, plus statutory

accruals; and (2) against all Defendants to enforce the associated federal tax liens that have

attached to the real property located at 3257 West Britton Road, Burbank OH 44214 (the

"Property"), title to which is currently held in the name of Defendants Scott E. Anderson and

Andrea L. Anderson; and (3) against all Defendants to enforce the associated federal tax liens

that have attached to the real property located at Wayne County parcel number 21-00369.001

(the "Vacant Land #1"), title to which is currently held in the name of Defendants Scott E.

Anderson and Andrea L. Anderson; and (4) against all Defendants to enforce the associated federal tax liens that have attached to the real property located at Wayne County parcel number 21-00370.001 (the "Vacant Land #2"), title to which is currently held in the name of Defendants Scott E. Anderson and Andrea L. Anderson.

For its Complaint, the United States alleges as follows:

### *Jurisdiction and Parties*

1.      Jurisdiction over this action arises under 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402(a) and 7403.

2.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1396.

3.      Defendant Scott E. Anderson d/b/a Scott Anderson Construction (the "Taxpayer") resides within the jurisdiction of this Court.

4.      Defendant Andrea L. Anderson resides within the jurisdiction of this Court and is named as a party pursuant to 26 U.S.C. § 7403(b) because she has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

5.      Defendant Summa Health System is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

6.      Defendant County of Wayne is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

7.      Defendant Muskingum Watershed Conservancy District is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

### COUNT I: To Collect Unpaid 941 and 940 Taxes
### (Defendant Scott E. Anderson d/b/a Scott Anderson Construction Only)

8.     The United States repeats and re-alleges paragraphs 1-7 above, as though fully set forth herein.

9.     A delegate of the Secretary has made assessments against the Taxpayer, as the sole proprietor of Scott Anderson Construction, regarding certain employment taxes owed to the Internal Revenue Service, which have a balance due with accruals and costs as of February 2, 2016, as follows:

| Period Ending | Assessment Date | Assessment Type | Assessed Tax | Total Tax, Penalties, and Interest as of 2/2/2016 |
|---|---|---|---|---|
| 12/31/2001 | 5/22/2006 | 940 | $488.64 | $1,455.57 |
| 12/31/2002 | 5/22/2006 | 940 | $327.09 | $906.58 |
| 12/31/2003 | 5/22/2006 | 940 | $211.81 | $563.93 |
| 12/31/2004 | 5/22/2006 | 940 | $1,185.97 | $3,028.95 |
| 3/31/2001 | 7/17/2006 | 941 | $7,587.17 | $4,427.80 |
| 6/30/2001 | 5/22/2006 | 941 | $7,587.17 | $10,707.29 |
| 9/30/2001 | 5/22/2006 | 941 | $7,587.17 | $22,408.23 |
| 12/31/2001 | 5/22/2006 | 941 | $7,587.17 | $22,102.86 |
| 3/31/2002 | 5/22/2006 | 941 | $4,829.58 | $13,900.38 |
| 6/30/2002 | 5/22/2006 | 941 | $4,829.58 | $13,723.18 |
| 9/30/2002 | 5/22/2006 | 941 | $4,829.58 | $13,548.51 |
| 12/31/2002 | 5/22/2006 | 941 | $4,829.58 | $13,385.57 |
| 3/31/2003 | 5/22/2006 | 941 | $2,703.32 | $7,414.94 |
| 6/30/2003 | 5/22/2006 | 941 | $2,703.32 | $7,335.87 |
| 9/30/2003 | 5/22/2006 | 941 | $2,703.32 | $7,262.65 |
| 12/31/2003 | 5/22/2006 | 941 | $2,703.32 | $7,197.09 |
| 3/31/2004 | 5/22/2006 | 941 | $4,999.28 | $13,180.72 |
| 6/30/2004 | 5/22/2006 | 941 | $4,999.28 | $13,041.87 |
| 9/30/2004 | 5/22/2006 | 941 | $4,999.28 | $12,912.87 |
| 12/31/2004 | 5/22/2006 | 941 | $4,999.28 | $12,768.01 |
| | | | TOTAL | $201,272.87 |

10.     This action is timely because it was brought within the statute of limitations set forth in 26 U.S.C. § 6502.

3

11.     A delegate of the Secretary duly gave notice of the tax assessments to, and made a demand for payment of the balance due upon, the Taxpayer.

12.     Despite such notice and demand, the Taxpayer has failed, neglected, or refused to pay in full the liabilities described in paragraph 9 above, and, after the application of all abatements, payments, and credits, as of February 2, 2016, he remains indebted to the United States of America for unpaid assessed internal revenue taxes, statutory penalties, and interest in the total amount of $201,272.87, plus such additional amounts as may have accrued from the date of assessment or may continue to accrue as provided by law, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### COUNT II: Enforcement of Federal Tax Liens Against the Property
### (All Defendants)

13.     The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

14.     The Property, upon which the United States is seeking to enforce its tax liens, is located within the jurisdiction of this Court at 3257 West Britton Road, Burbank, OH 44214, in Wayne County, and is legally described as follows:

Situated in the Township of Congress, County of Wayne, and State of Ohio:

And known as Lot 29 of Artrip Allotment No. 1 of part of the Southeast Quarter of Section 1, Township 21, Range 14, as shown in the plat recorded in Volume 12, Page 325, Wayne County, Ohio, Plat Records.

SAVE AND EXCEPT THEREFORM THE FOLLOWING:

Situated in the Township of Congress, County of Wayne, and State of Ohio and located in the Southeast quarter of Section 1, Town 21 North, Range 14 West, and being a part of Lot 29 in the Artrip Allotment No. 1 recorded in Plat Volume 12, Page 325 as conveyed to the grantors by a deed recorded in Volume 643, Page 650 of the Wayne County Deed Records, described as follows:

Beginning at an iron pin found marking the southeast corner of Lot 29;

Thence with the following Four courses:

1. North 89 deg. 36' 15" West 30.00 feet, along the South line of Lot 29 and the North line of Britton Road, to an iron pin set;

2. North 03 deg. 54' 56" East 470.00 feet, parallel to the East line of Lot 29 to an iron pin set;

3. South 89 deg. 36' 15" East 30.00 feet, along the North line of Lot 29, to an iron pin set;

4. South 03 deg. 54' 56" West 470.00 feet, along the East line of Lot 29, to the Point of Beginning.

This parcel contains 0.323 acres.

This description as prepared from a survey made by R.W. Gasbarre and Associates, Inc., in June 1989.

All bearings are related and are based on the South line of Lot 29 bearing North 89 deg. 36' 15" West according to a survey of record "DD"-186.

All iron corners set are 5/8" rebars 30 in. long with plastic identification caps marked "Gasbarre Wooster, Ohio" unless otherwise noted.

See Wayne County Survey Record Volume "JJ", Page 42 for survey.

15.     Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of neglect, refusal or failure of the Taxpayer to pay the assessments described in paragraph 9 above, after notice and demand, federal tax liens in the amount of the original assessments, plus interest and other statutory additions, arose on the dates of the assessments, and attached to all property and rights to property belonging to Defendant Scott E. Anderson, including the Property.

16.     By a document dated May 20, 1993, and recorded on May 24, 1993, with the Wayne County Recorder at Volume 698, Page 72, Loran D. Alexander, Sheriff of Wayne County, Ohio, conveyed the Property to Scott Earl Anderson and Andrea Lynn Anderson.

17.     On January 28, 2014, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Scott E. Anderson d/b/a Scott Anderson Construction

for the 941 employment tax periods ending March 31, 2001; June 30, 2001; September 30, 2001; December 31, 2001; March 31, 2002; June 30, 2002; September 30, 2002; December 31, 2002; March 31, 2003; June 30, 2003; September 30, 2003; December 31, 2003; March 31, 2004; and June 30, 2004, in the Wayne County Recorder's Office.

18.     On January 28, 2014, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Scott E. Anderson d/b/a Scott Anderson Construction for the 940 employment tax periods ending December 31, 2001; December 31, 2002; December 31, 2003; and December 31, 2004; and for the 941 employment tax periods ending September 30, 2004; and December 31, 2004, in the Wayne County Recorder's Office.

19.     The United States is entitled to enforce its liens for taxes against the Property, to have the Property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties to this action, including any rights of redemption, and, after the payment of the costs of sale and any real estate taxes due and payable under 26 U.S.C. § 6323(b)(6), to have an appropriate portion of the net proceeds applied toward the satisfaction of Scott E. Anderson's tax liabilities described in paragraph 9 above.

### *COUNT III: Enforcement of Federal Tax Liens Against Vacant Land #1*
### *(All Defendants)*

20.     The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

21.     The Vacant Land #1, upon which the United States is seeking to enforce its tax liens, is located within the jurisdiction of this Court at parcel number 21-00369.001, in Wayne County, and is legally described as follows:

> Situated in the Township of Congress, County of Wayne and State of Ohio and being located in the Southeast Quarter of Section 1, Town 21 West, Range 14 West, and being a part of Lot 28 in the Artrip Allotment No. 1 recorded in Plat Volume 12, Page 325 as

conveyed to the Grantors by a deed recorded in Volume 558, Page 196 of the Wayne County Deed Records and described as follows:

Beginning at an iron pin found marking the Southwest corner of Lot 28;

Thence with the following FOUR courses:

1. N. 03 deg. 54' 56" East, 470.00 Feet along a West line of Lot 28 and being also the East line of Lot 27, to an iron pin found at the Northeast corner of Lot 27;

2. South 89 deg. 36' 15" East, 30.00 Feet, to an iron pin found at the Northwest corner of Lot 29;

3. South 03 deg. 54' 56" West, 470.00 Feet, along an East line of Lot 28 and being also the West line of Lot 29, to an iron pin found at the Southwest corner of Lot 29 and on the North line of Britton Road;

4. North 89 deg. 36' 15" West 30.00 feet, along a South line of Lot 28 and the North line of Britton Road, to the Point of Beginning.

This parcel contains 0.323 acres.

This description as prepared from a survey made by R.W. Gasbarre and Associates, Inc., in June 1989.

All bearings are related and are based on the South line of Lot 29 bearing North 89 deg. 36' 15" West according to a survey of record "DD"-186.

See Wayne County Survey Record Volume "JJ", Page 42 for survey.  Ray W. Gasbarre, P.S. 4153.

22.     Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of neglect, refusal or failure of the Taxpayer to pay the assessments described in paragraph 9 above, after notice and demand, federal tax liens in the amount of the original assessments, plus interest and other statutory additions, arose on the dates of the assessments, and attached to all property and rights to property belonging to Defendant Scott E. Anderson, including the Vacant Land #1.

23.     By a document dated May 20, 1993, and recorded on May 24, 1993, with the Wayne County Recorder at Volume 698, Page 72, Loran D. Alexander, Sheriff of Wayne County, Ohio, conveyed the Vacant Land #1 to Scott Earl Anderson and Andrea Lynn Anderson.

7

24.     On January 28, 2014, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Scott E. Anderson d/b/a Scott Anderson Construction for the 941 employment tax periods ending March 31, 2001; June 30, 2001; September 30, 2001; December 31, 2001; March 31, 2002; June 30, 2002; September 30, 2002; December 31, 2002; March 31, 2003; June 30, 2003; September 30, 2003; December 31, 2003; March 31, 2004; and June 30, 2004, in the Wayne County Recorder's Office.

25.     On January 28, 2014, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Scott E. Anderson d/b/a Scott Anderson Construction for the 940 employment tax periods ending December 31, 2001; December 31, 2002; December 31, 2003; and December 31, 2004; and for the 941 employment tax periods ending September 30, 2004; and December 31, 2004, in the Wayne County Recorder's Office.

26.     The United States is entitled to enforce its liens for taxes against the Vacant Land #1, to have the Vacant Land #1 sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties to this action, including any rights of redemption, and, after the payment of the costs of sale and any real estate taxes due and payable under 26 U.S.C. § 6323(b)(6), to have an appropriate portion of the net proceeds applied toward the satisfaction of Scott E. Anderson's tax liabilities described in paragraph 9 above.

### *COUNT IV: Enforcement of Federal Tax Liens Against Vacant Land #2*
### *(All Defendants)*

27.     The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

28.     The Vacant Land #2, upon which the United States is seeking to enforce its tax liens, is located within the jurisdiction of this Court at parcel number 21-00370.001, in Wayne County, and is legally described as follows:

Situated in the Township of Congress, County of Wayne, and State of Ohio and located in the Southeast quarter of Section 1, Town 21 North, Range 14 West, and being a part of Lot 29 in the Artrip Allotment No. 1 recorded in Plat Volume 12, Page 325 as conveyed to the grantors by a deed recorded in Volume 643, Page 650 of the Wayne County Deed Records, described as follows:

Beginning at an iron pin found marking the southeast corner of Lot 29;

Thence with the following Four courses:

1. North 89 deg. 36' 15" West 30.00 feet, along the South line of Lot 29 and the North line of Britton Road, to an iron pin set;

2. North 03 deg. 54' 56" East 470.00 feet, parallel to the East line of Lot 29 to an iron pin set;

3. South 89 deg. 36' 15" East 30.00 feet, along the North line of Lot 29, to an iron pin set;

4. South 03 deg. 54' 56" West 470.00 feet, along the East line of Lot 29, to the Point of Beginning.

This parcel contains 0.323 acres.

This description as prepared from a survey made by R.W Gasbarre and Associates, Inc., in June 1989.

All bearings are related and are based on the South line of Lot 29 bearing North 89 deg. 36' 15" West according to a survey of record "DD"-186.

See Wayne County Survey Record Volume "JJ", Page 42 for survey.  Ray W. Gasbarre, P.S. 4153.

29.     Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of neglect, refusal or failure of the Taxpayer to pay the assessments described in paragraph 9 above, after notice and demand, federal tax liens in the amount of the original assessments, plus interest and other statutory additions, arose on the dates of the assessments, and attached to all property and rights to property belonging to Defendant Scott E. Anderson, including the Vacant Land #2.

30.     By a document dated April 23, 1998, and recorded on April 24, 1998, with the Wayne County Recorder, Bobby Napier and Gladys Napier, husband and wife, conveyed the Vacant Land #2 to Scott Earl Anderson and Andrea Lynn Anderson.

31.     On January 28, 2014, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Scott E. Anderson d/b/a Scott Anderson Construction for the 941 employment tax periods ending March 31, 2001; June 30, 2001; September 30, 2001; December 31, 2001; March 31, 2002; June 30, 2002; September 30, 2002; December 31, 2002; March 31, 2003; June 30, 2003; September 30, 2003; December 31, 2003; March 31, 2004; and June 30, 2004, in the Wayne County Recorder's Office.

32.     On January 28, 2014, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Scott E. Anderson d/b/a Scott Anderson Construction for the 940 employment tax periods ending December 31, 2001; December 31, 2002; December 31, 2003; and December 31, 2004; and for the 941 employment tax periods ending September 30, 2004; and December 31, 2004, in the Wayne County Recorder's Office.

33.     The United States is entitled to enforce its liens for taxes against the Vacant Land #2, to have the Vacant Land #2 sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties to this action, including any rights of redemption, and, after the payment of the costs of sale and any real estate taxes due and payable under 26 U.S.C. § 6323(b)(6), to have an appropriate portion of the net proceeds applied toward the satisfaction of Scott E. Anderson's tax liabilities described in paragraph 9 above.

WHEREFORE the Plaintiff United States of America requests that this Court:

A.      Enter judgment in favor of the Plaintiff United States of America and against the Defendant Scott E. Anderson in the amount of $201,272.87, as of February 2, 2016, plus

statutory additions from and after February 2, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) for the unpaid 941 and 940 employment taxes assessed against him as the sole proprietor of Scott Anderson Construction;

B.      Determine and adjudge that the United States of America has valid and subsisting federal tax liens on all property and rights to property belonging to the Defendant Scott E. Anderson, including the Property, the Vacant Land #1, and the Vacant Land #2;

C.      Order that the federal tax liens for the liabilities of the Defendant Scott E. Anderson be enforced, and that the Property may be sold by an officer of this Court, according to law, free and clear of all rights, titles, claims, liens, and interests of the parties to this action, including any right of redemption, with an appropriate portion of the net proceeds of the sale, after the payment of the direct costs of sale and any real estate taxes due and payable under 26 U.S.C. § 6323(b)(6), to be paid to the Plaintiff United States for application to the unpaid federal internal revenue tax liabilities of Scott E. Anderson;

D.      Order that the federal tax liens for the liabilities of the Defendant Scott E. Anderson be enforced, and that the Vacant Land #1 may be sold by an officer of this Court, according to law, free and clear of all rights, titles, claims, liens, and interests of the parties to this action, including any right of redemption, with an appropriate portion of the net proceeds of the sale, after the payment of the direct costs of sale and any real estate taxes due and payable under 26 US.C. § 6323(b)(6), to be paid to the Plaintiff United States for application to the unpaid federal internal revenue tax liabilities of Scott E. Anderson;

E.      Order that the federal tax liens for the liabilities of the Defendant Scott E. Anderson be enforced, and that the Vacant Land #2 may be sold by an officer of this Court, according to law, free and clear of all rights, titles, claims, liens, and interests of the parties to

this action, including any right of redemption, with an appropriate portion of the net proceeds of the sale, after the payment of the direct costs of sale and any real estate taxes due and payable under 26 US.C. § 6323(b)(6), to be paid to the Plaintiff United States for application to the unpaid federal internal revenue tax liabilities of Scott E. Anderson; and

  F.  Award the United States of America its costs in this action, and such other and further relief as the Court determines is just and proper.


  DATED:  February 12, 2016

           CAROLINE D. CIRAOLO
           Acting Assistant Attorney General
           Tax Division, U.S. Department of Justice


           */s/ Philip L. Bednar*
           PHILIP LEONARD BEDNAR
           Trial Attorney, Tax Division
           U.S. Department of Justice
           P.O. Box 55
           Washington, D.C.  20044
           202-307-6415 (v)
           202-514-5238 (f)
           Philip.L.Bednar@usdoj.gov
           WA State Bar No. 41304